Judge Carr,
delivered the opinion of the Court.*
This is an action of ejectment. The declaration contains two counts; the first on the demise of Hopkins; the second on that of James T. Watson. To support his case, the plaintiff introduced the patent to Hopkins, dated in 1796. The defendants, to prove the title out of Hop- o kins, introduced the deed from him to Wolcott, dated . 19th of February, 1806. The plaintiff then exhibited the declaration of trust, executed by Wolcott, and dated the 19th of February, 1806; and also the deed from Hopkins, Wolcott, and Mary Watson, widow of James Watson, to James T. Watson, dated 22d of June, 1808. . “Whereupon,” says the record, “defendants’■ counsel *425 moved the Court to instruct the jury, that the plaintiff cannot re,cover upon the second count, against any of the defendants, unless he can prove, that James Watson, the cestui que trust, is dead, and that the said James T. Watson is his heir at law. The Court instructed the jury accordingly.” To this opinion, there is an exception; and we are now to decide, whether the opinion be correct or not We think it erroneous. Why was it necessary for James T Watson to prove his father’s death, and that he was heir at law ? We presume that this idea was taken from the case of Hopkins et al. v. Ward et al., 6 Munf. 38, where this Court say, that the cestui que trust (the trust being satisfied,) may maintain ejectment; and that the deed introduced by the defendants, in that case, shewing that the trust was satisfied, and that James T. Watson was heir, ho also might bring ejectment. But, while asserting this doctrine, the Court did not mean to say, that the trustee, holding the legal title, could not support an action of ejectment, nor that his grantee could not. Suppose, in this case, that the cestui que trust is alive, and the trust unsatisfied; still the trustee, Wolcott, having the legal title, his deed conveyed that tide to James T. Watson; and though he would be considered as taking the land subject to the trust, that would not affect his power to maintain ejectment. We say that the legal title passed from Wolcott to James T. Watson, because this is the inevitable effect of the deed; except where the grantor is out of possession; by which we understand such a divestiture or ouster, as prevents the operation of the deed; and wo consider the possession of the defendants, stated in this case, far too vague and uncertain, both as to time and its nature, to work this ouster.
The instructions of the Court, therefore, on this point, were wrong; and (without deciding any other point in the cause,) the judgment is reversed, and the cause remanded for a new trial, on which no such instructions are to be given.

 Judges Brooke, and Green, absent.